```
                        UNITED STATES DISTRICT COURT

                       EASTERN DISTRICT OF CALIFORNIA


                                    )    1:01-cv-06502  OWW LJO
BENNY ROUNDTREE, JR.,               )
                                    )    ORDER GRANTING, IN PART,
            Plaintiff,              )    AND DENYING, IN PART,
                                    )    DEFENDANTS' MOTION TO
     v.                             )    DISMISS PURSUANT TO RULE
                                    )    12(b)(6), F.R.Civ.P.
WARDEN DERRAL ADAMS; EDGAR          )
CASTILLO, M.D.;                     )
MTA F.C. SCHUMACHER;                )
CHIEF DEPUTY WARDEN T. VAUGHN;      )
C/O WADKINS; SGT. FOUCH;            )
SGT. YOUNG; C/O RODRIGUEZ III;      )
LT. WESTPHAL; MTA RAMIREZ;          )
MTA BUNKER; MTA HEGGE;              )
C/O A. PETERSEN;                    )
DR. M. FRIEDMAN;                    )
ASSOCIATE WARDEN HILL;              )
LT. SCHUMACHER; L.G. SCHWIMMER;     )
DOES 1-20,                          )
                                    )
                                    )
            Defendants.             )
                                    )
_____)
```

## I. INTRODUCTION

Defendants[1] move to dismiss the Corrected Second Amended

---

[1] **According to Defendants, Defendants Westphal, Vaughn, Bunker, Schwimmer, Petersen, and Lt. Schumaker have neither appeared nor been served in this action to date. (Mem. in Supp. of Mot. to Dismiss 3, n. 2.)**

1

Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: (1) the claims against Defendants Wadkins, Fouch, Young, Rodriguez, and Does 12-14 are time-barred by the applicable statute of limitations; (2) Plaintiff cannot state a claim under Title 42, Section 1983, of the United States Code for damages or injunctive relief for violations of the permanent injunction and remedial plan issued by the Northern District of California in *Armstrong v. Davis*, U.S. Dist. Ct. (N.D.Cal.) No. C-94-2307 CW; (3) State sovereign immunity bars Plaintiff's damage claims against Defendants; (4) individual state employees cannot be sued under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*; and (5) Plaintiff's claims against Defendant Adams are based on a theory of *respondeat superior*, which is not cognizable under Section 1983.  Plaintiff opposes the motions.

## II.  **PROCEDURAL HISTORY**

The procedural history of this case through late June, 2005, is set forth in the court's Memorandum Decision and Order *Re* Defendants' Motion to Dismiss, issued on June 23, 2005.  *See* Doc. 102, Mem. Dec. and Order 2-4.  The court granted Defendants' motion to dismiss in part, with leave to amend.  *Id.* at 27-28. Plaintiff filed the Corrected Second Amended Complaint on July 18, 2005 (hereinafter, "CSAC").  Doc. 103.  Defendants filed the instant motion on September 9, 2005.  Doc. 105, Mot. to Dismiss. Plaintiff filed his Response in Opposition on October 6, 2005. Doc. 114, Resp. in Opp.

Plaintiff brings two causes of action against Defendants: (1) violation of Title 42, Section 1983, of the United States Code for depriving Plaintiff, under color of law, of rights secured by the Eighth and Fourteenth Amendments; and (2) violation of the *Armstrong* Remedial Plan.

### III.   BACKGROUND

On reviewing a motion to dismiss, the court accepts the allegations of the complaint as true. *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1091 (9th Cir.2000). The following facts, unless otherwise indicated, are taken from the complaint and assumed to be true.

Plaintiff, Benny Roundtree, Jr., is a California prisoner who was confined at the California Substance Abuse Treatment Facility (CSATF) from October 1998 to March 7, 2001, when he was transferred to the California Training Facility (CTF). CSAC, ¶ 4. In 1998, Roundtree injured his right ankle while playing basketball. CSAC, ¶ 9. In October 1998, a physician prescribed ankle braces and special shoes for Plaintiff, and authorized a medical chrono for Roundtree to use high-top soft shoes until the prescribed appliances could be provided. CSAC, ¶ 9. As of December 3, 2000, Plaintiff had received the prescribed braces, but not the special shoes. CSAC, ¶ 18. Sometime between December 3, 2000, and January 29, 2001, Plaintiff was moved from one unit to a different unit at CSATF. CSAC, ¶ 19. The officers who moved him were Defendants Wadkins, Founch, Young, Rodriguez, and Westphal, and Does 12-14. CSAC, ¶ 19. The officers

3

confiscated Plaintiff's braces even though he told them that he was permitted to have them and needed them for his medical condition.  CSAC, ¶ 19.

Plaintiff is disabled and claims to be a member of the plaintiff class in *Armstrong v. Davis*, C-94-02307 CW.  He asserts claims in this action for alleged violations of the permanent injunction and remedial plan in that case, filed December 22, 1999.  CSAC, ¶¶ 40-49.

The original complaint was filed on November 19, 2001.  Doc. 1, Compl.  The First Amended Complaint (FAC) was filed on March 21, 2004.  Doc. 34.

### IV.    **LEGAL STANDARD**

Rule 12(b)(6) allows a defendant to attack a complaint for failure to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted: "[a] complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Van Buskirk v. CNN, Inc.,* 284 F.3d 977, 980 (9th Cir.2002) (citations omitted).  In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party."  *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999).  "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  Nor is the court required to accept as true allegations

4

that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001) (citations omitted). For example, matters of public record may be considered under Fed.R.Evid. 201, including pleadings, orders, and other papers filed with the court or records of administrative bodies. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir.2001). Conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted. *See Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981).

## V. ANALYSIS

1.  Statute of Limitations

Defendants move to dismiss on four distinct grounds. First, Defendants argue that Plaintiff's claims against Defendants Wadkins, Fouch, Young, and Rodriguez ("the Officers") are time-barred by the applicable statute of limitations. *See* Doc. 105, Mot. to Dismiss 4-6.

"Where the facts and dates alleged in a complaint demonstrate that the complaint is barred by the statute of limitations, a Federal Rule of Civil Procedure 12(b)(6) motion should be granted." *Ritchie v. United States,* 210 F.Supp.2d 1120, 1123 (N.D.Cal.2002). There is no requirement, however, that affirmative defenses, including statutes of limitation, appear on the face of the complaint. *Hyatt Chalet Motels, Inc. v. Carpenters Local 1065,* 430 F.2d 1119, 1120 (9th Cir.1970). "When a motion to dismiss is based on the running of the statute

5

of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (1980); *see also TwoRivers,* 174 F.3d at 991.

Section 1983 does not contain a statute of limitations. In California, claims brought under Section 1983 are governed by California's statute of limitations for personal injury actions. *Taylor v. Regents of Univ. of Cal.,* 993 F.2d 710, 711-12 (9th Cir. 1993). Plaintiff's Section 1983 claim is therefore governed by California's statute of limitations for personal injuries under Section 335.1 of the California Code of Civil Procedure. Cal. Civ. Proc. Code § 335.1. Currently, the limitations period is two years; however, prior to January 1, 2003, the limitations period for personal injuries was one year. *See* Cal. Civ. Proc. Code § 340.3. The Ninth Circuit has held that the new statute of limitations does not apply retroactively. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (*citing Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004)). Therefore, the appropriate limitations period in this case remains one year.

Federal courts apply state law governing the tolling of the statute of limitations as long as the result is not inconsistent with federal law. *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). California law governs tolling in this case. *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997). The statute of limitations period is tolled for prisoners for a maximum of two years. Cal. Civ. Proc. Code § 352.1(a), (c). Thus, Plaintiff had a total of

three years from the date on which his claims accrued to file a complaint containing the claims against the Officers.

Although state law determines the length of the limitations period in Section 1983 actions, federal law determines when a civil rights claim accrues. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002). "Under federal law, a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (citation and internal quotation marks omitted). Once a person has information sufficient to put a reasonable person on notice, the limitations period begins to run. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (citation omitted). In this action, Plaintiff's causes of action against the Officers accrued, at the latest, on January 29, 2001. CSAC, ¶ 19. Plaintiff was required to assert all his claims against the Officers in a complaint filed no later than January 29, 2004. Plaintiff first asserted his claims against the Officers in the FAC, filed March 31, 2004. Doc. 34.

Plaintiff argues that the claims which he raises against the Officers in the FAC relate back to the original complaint, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.

Rule 15(c) provides:
> An amendment of a pleading relates back to the date of
> the original pleading when
> (1) relation back is permitted by the law that provides
> the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended
> pleading arose out of the conduct, transaction, or
> occurrence set forth or attempted to be set forth in

**7**

```
          the original pleading, or
          (3) the amendment changes the party or the naming of
          the party against whom a claim is asserted if the
          foregoing provision (2) is satisfied and, within the
          period provided by Rule 4(m) for service of the summons
          and complaint, the party to be brought in by amendment
          (A) has received such notice of the institution of the
          action that the party will not be prejudiced in
          maintaining a defense on the merits, and (B) knew or
          should have known that, but for a mistake concerning
          the identity of the proper party, the action would have
          been brought against the party.
```
**Rule 15(c), F.R.Civ.P.**

**The original Complaint, filed *pro se*, did not name the individual Officers as defendants. *See* Doc. 1. It did describe the conduct for which recovery is sought. In order to relate back to the original Complaint, the FAC's allegations against the Officers  must satisfy Rule 15(c)(3).**

**Plaintiff argues that the claims in his FAC against the Officers "arose out of the conduct, transaction, or occurrence set forth" in the original Complaint. Rule 15(c)(2). He claims that he alleged facts which establish a continuing violation: "a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during [that] period." Doc. 114, Mem. in Opp. 2 (*quoting Gutowski v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997)).**

**In *Gutowski*, the plaintiff sued the County under Section**

8

1983 for workplace sexual discrimination. Her last day of work was May 26, 1993. Dhe filed suit on May 24, 1994. The applicable limitations period was one year. The district court dismissed her claim on the grounds that plaintiff had filed more than one year after the date of her supervisors last discriminatory comments. *Gutowski*, 108 F.3d at 256-58 & fn.2.

The Ninth Circuit reversed and remanded, holding that the "continuing violation" doctrine applied to Section 1983 suits. *Id*. at 259. "[A] continuing violation may be established through a series of related acts against one individual, or by a systematic policy or practice of discrimination." *Id*.

*National R.R. Passenger Corp. v. Morgan* is not to the contrary. *Morgan*, 536 U.S. 101 (2002). In a Title VII case, the Ninth Circuit held that so long as one act fell within the filing period, discriminatory and retaliatory acts that were plausibly or sufficiently related to that act could also be considered for the purposes of liability. *Morgan*, 536 U.S. at 114. The United States Supreme Court reversed, holding that each discrete discriminatory act started a new clock for limitations purposes:

> Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." Morgan can only file a charge to cover discrete acts that "occurred" within the appropriate time period. While Morgan alleged that he suffered from numerous discriminatory and retaliatory acts from the date that

9

|   |   |
|---|---|
| 1 | he was hired through March 3, 1995, the date that he |
| 2 | was fired, only incidents that took place within the |
| 3 | timely filing period are actionable.  Because Morgan |
| 4 | first filed his charge with an appropriate state |
| 5 | agency, only those acts that occurred 300 days before |
| 6 | February 27, 1995, the day that Morgan filed his |
| 7 | charge, are actionable. . . . All prior discrete |
| 8 | discriminatory acts are untimely filed and no longer |
| 9 | actionable. |

*Id*.

The Court then distinguished discrete acts of discrimination from plaintiff's hostile-work-environment claim for limitations purposes:

> Hostile environment claims are different in kind from discrete acts. . . . Such claims are based on the cumulative effect on individual acts.

Morgan, 536 U.S. at 115.

Here, Plaintiff alleges that Defendants failed to accommodate his medical condition, despite extensive efforts on his part to elicit such accommodation, for almost three years – from October 1998, when he was diagnosed and the braces and special shoes were prescribed to him, until late June 2001, when he finally received both the braces and shoes.  Plaintiff alleges that in January 2001, as part of this pattern of malicious and deliberate indifference, the Officers confiscated his braces (without which the shoes were useless to him) in the course of moving him to a different unit of the same facility, and refused to return them to him.  Plaintiff claims that being deprived of

10

1  **his orthotics caused him continuous pain and suffering until he**
2  **finally received them in late June 2001.  Plaintiff argues that**
3  **the accrual of his causes of action against the Officers should**
4  **date from late June, instead of late January, 2001.**
5  **Defendants argue that the court, in its Order of June 23,**
6  **2005, characterized the Officers' actions as a violation separate**
7  **from the ongoing deprivation of the orthotics.  See Doc. 105,**
8  **Mot. to Dismiss 4.  This misinterprets the cited portion of the**
9  **Order, which addressed a later confiscation of Plaintiff's**
10 **orthotics,** by different Defendants, in the course of a cell
11 search performed on August 13, 2002.  *See* Doc. 102, Order 20.
12 Plaintiff has sufficiently alleged the basis for his earlier
13 claims to satisfy Rule 15(c)(2).
14 For the allegations to relate back against the Officers,
15 they must have received such notice of the institution of the
16 action that they will not be prejudiced in maintaining a defense
17 on the merits, and knew or should have known that, but for a
18 mistake concerning their identity, the action would have been
19 brought against them.  Rule 15(c)(3).
20 Although the Complaint did not name the Officers, the
21 allegations describe their actions with sufficient detail to put
22 them on notice that, had Plaintiff known their identities, he
23 would have sued them together with the original Defendants.
24 Exhibit C to the Complaint reads: "and officers intentionally
25 took my leg brace and some soft-sole boots that was only until my
26 special hi-top boots get here[.]"  Complaint, Ex. C at 4.
27 *Pro se* complaints are held to less stringent standards than
28 formal pleadings drafted by lawyers.  In civil rights cases where

**11**

the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford the plaintiff the benefit of any doubt. *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (citations and quotation marks omitted). *See also Alston v. Parker*, 363 F.3d 229, 233 n.6 (3rd Cir. 2004) (noting the difficulty that prisoners face in conducting discovery); *Montgomery v. Pinchak*, 294 F.3d 492, 503 (3rd Cir. 2002) (same); *Wolters v. Estate of Conner*, 2005 WL 1842841, *7 (D.Kan.2005) (same). Plaintiff filed his original complaint *pro se*.

Implementing the more lenient pleading standard, and in the absence of any showing of prejudice to the procedural due process rights of the Officers, *see* 6A Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1498 ("Relation Back – Changing Parties"), p. 107, the requirements of Rule 15(c) are satisfied. The FAC relates back to the original Complaint, and Plaintiff's claims against the Officers are not facially barred by the statute of limitations.

2.  The *Armstrong* Remedial Plan

Defendants argue that Plaintiff cannot state a claim under Title 42, Section 1983, of the United States Code for damages or injunctive relief for violations of the permanent injunction and remedial plan issued by the Northern District of California in *Armstrong v. Davis*, U.S. Dist. Ct. (N.D.Cal.) No. C-94-2307 CW.

On June 29, 1994, the *Armstrong* class action was filed in the District Court for the Northern District of California. *Armstrong* involves alleged violations of the Americans with Disabilities Act (ADA), and the Rehabilitation Act (RA), and covers all present and future California State prisoners and

parolees with mobility, sight, hearing, learning, and kidney disabilities.  *See Armstrong v. Davis*, *et al.*, No. CV-94-2307 CW (N.D.Cal).

Plaintiff alleges that Defendants breached mandatory duties imposed by the December 22, 1999, permanent injunction issued in *Armstrong*, and prescribed in the implementing *Armstrong* Remedial Plan.  Plaintiff alleges that he was excluded from participation in and denied the benefits of the services, programs, or activities of the prison, and subjected to discrimination, by reason of his disability, and that he was damaged as a direct and proximate result of these alleged breached of the injunction and the Remedial Plan.  Plaintiff also claims violations of the ADA.  CSAC, ¶ 41.  Plaintiff alleges that he is a "qualified inmate" within the meaning of the *Armstrong* Remedial Plan, in that he has a permanent physical impairment which substantially limits his ability to perform a major life activity, *i.e.*, walking.  Plaintiff claims that Defendants were required to provide him with orthotics and special shoes as prescribed and approved by his institution, and that Defendants breached this duty by ignoring it.  CSAC, ¶ 42.

Citing the March 21, 2001, injunction which the *Armstrong* court issued, retaining jurisdiction to enforce the injunction's terms, Defendants argue that Plaintiff's sole recourse in his suit for damages is to notify class counsel of his allegations.  Doc. 105, Mot. to Dismiss 8.  In *Krug v. Lutz*, however, the Ninth Circuit rejected that argument.  The court stated:

> Although the district court judge who approved the
>     decree does retain jurisdiction to enforce it, it does

**13**

>     not follow that that particular judge has *exclusive*
>     jurisdiction over any claims that may in some way
>     relate to the [consent decree] but which do not modify
>     the decree.

*Krug*, 329 F.3d 692, 696 (9th Cir. 2003)(citation omitted).

Defendants also argue that the Armstrong injunction itself bars Plaintiff's damage claim as *res judicata*. The *Armstrong* litigation concluded in 1996, approximately two years before Plaintiff was incarcerated. His claims for damages are therefore not barred by *Armstrong*'s *res judicata* effect because they could not have been brought in the prior suit. *Hiser v. Franklin*, 94 F.3d 1287, 1291 (*citing* 18 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4455 (1995 supp.)):

>     The general rule is that a class action suit seeking
>     only declaratory and injunctive relief does not bar
>     subsequent individual damage claims by class members,
>     even if based on the same events. . . . An individual
>     who has suffered particular injury as a result of
>     practices enjoined in a class action, for instance,
>     should remain free to seek a damages remedy even though
>     claim preclusion would defeat a second action had the
>     first action been an individual suit for the same
>     injunctive relief.

*Hiser v. Franklin*, 94 F.3d at 1291.

However, at the hearing Plaintiff's counsel acknowledged that to pursue a damages claim for violation of the *Armstrong* injunction requires enforcement of the order in the court that issued the injunction. Beyond that, the legal effect of ruling

**14**

1  in *Armstrong* on this case will be governed by rules of claim and
2  issue preclusion.
3  3.   State Sovereign Immunity
4      Defendants argue that Plaintiff cannot state a claim for
5  damages under Title II of the ADA due to State sovereign
6  immunity, asserting that the United States Supreme Court's
7  holding in *Board of Trustees of the University of Alabama v.*
8  *Garrett*, 531 U.S. 356 (2001), so demands.  The Ninth Circuit
9  specifically rejected this exact argument in *Phiffer v. Columbia*
10 *River Correctional Institute*.

> Our precedent clearly commands the conclusion that the
> State is not entitled to Eleventh Amendment immunity
> under Title II of the ADA. *See, e.g., Dare v.*
> *California,* 191 F.3d 1167, 1175 (9th Cir.1999); *Clark,*
> 123 F.3d at 1270.  And, although the State makes a
> valiant attempt to persuade us that the Supreme Court's
> decision in *Board of Trustees of the University of*
> *Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148
> L.Ed.2d 866 (2001), requires us to revisit our
> precedent, we have already done so and have already
> rejected the State's claims. *See Hason v. Med. Bd. of*
> *Cal.,* 279 F.3d 1167, 1171, *reh'g en banc denied* *793
> 294 F.3d 1166 (9th Cir. 2002), *and cert. dismissed* 538
> U.S. 958, 123 S.Ct. 1779, 155 L.Ed.2d 508, 2003 WL
> 1792116 (U.S. April 7, 2003) (No. 02-479); *Thomas v.*
> *Nakatani,* 309 F.3d 1203, 1209 (9th Cir.2002) (stating
> that *Hason* reaffirmed *Clark's* and *Dare's* holding that
> Congress abrogated sovereign immunity under Title II);

15

> *Lovell v. Chandler,* 303 F.3d 1039, 1050-51 (9th
> Cir.2002) (same).  We decline further review of our
> settled precedent.

*Phiffer*, 384 F.3d 791, 792-93 (9th Cir. 2004).  Defendants' argument is without merit.

4.   Suit Against Individual State Employees Under Title II

Defendants argue that Plaintiff cannot maintain his suit for damages, because individual state employees cannot be liable under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*

Title II of the ADA provides in pertinent part:
> Subject to the provisions of this sub-chapter, no
> qualified individual with a disability shall, by reason
> of such disability, be excluded from participation in,
> or be denied the benefits of, services, programs, or
> activities of a public entity, or be subjected to
> discrimination by any such entity.

42 U.S.C. § 12132.  The ADA defines "public entity" in relevant part as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government."  42 U.S.C. § 12131(1)(A)-(B).

"Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity." *Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000).  The term "public entity," "as it is defined within the statute, does not include individuals."  *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); *see also* 42 U.S.C. § 12131(1).

**16**

"In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000); *accord Miller v. King*, 384 F.3d 1248, 1276-77 (11th Cir. 2004).

Individual liability is precluded under ADA Title II. This Plaintiff's counsel acknowledged at oral argument. Plaintiff remains free to sue the relevant public entities for damages.

In *Ferguson v. City of Phoenix*, the Ninth Circuit held that a plaintiff may establish a claim for damages by proving intentional discrimination on the part of a defendant public entity. *Ferguson*, 157 F.3d 668, 674 (9th Cir. 1998). In *Duvall v. County of Kitsap*, the Ninth Circuit determined that a plaintiff could prove intentional discrimination by establishing the defendant public entity's "deliberate indifference." *Duvall*, 260 F.3d 1124, 1138-39 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* *(citing City of Canton v. Harris*, 489 U.S. 378, 389 (1988)); *see also Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976) (prison guards show deliberate indifference to a prisoner's serious medical needs by intentionally interfering with treatment once prescribed)).

5.   Warden Adams

A civil rights plaintiff may not sue any supervisor on a theory of *respondeat superior*, which is not cognizable under Section 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002).

"Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir. 2005).

Plaintiff has failed to allege facts sufficient to establish Warden Adams' personal liability under Section 1983. Plaintiff does not allege any fact from which it could be inferred that Adams personally took part in, had knowledge of, or ratified the events which directly led to the Plaintiff's being deprived of his braces and shoes. The motion to dismiss the Second Cause of Action with regard to Warden Adams must be granted, with leave to amend.

## VI.  CONCLUSION

Defendants' motions to dismiss for failure to state a claim are DENIED as to all Defendants, except Defendant Adams, as to whom it is GRANTED, with leave to amend. Any amendments shall be filed within fifteen (15) days following service by the courtroom deputy clerk of this decision.

**SO ORDERED.**
**DATED: December 1, 2005.**

1
2                                          /s/ OLIVER W. WANGER
3                                     _____
4                                             Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28