1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Patience Milrod # 77466
Law Office of Patience Milrod
844 North Van Ness Avenue
Fresno, California 93728
559⁄442-3111
Fax: 559⁄442-3164

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

BENNY ROUNDTREE, JR.,

       Plaintiff,

       vs.

DERRAL ADAMS, et al.,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

CASE No. CV-F-01-6502-OWW-SMS-P

**EX PARTE** REQUEST FOR AUTHORITY
TO INCUR COSTS PURSUANT TO
GENERAL ORDER NUMBER 230 and
REQUEST FOR SERVICE BY MARSHAL'S
OFFICE;
ORDER THEREON

I, Patience Milrod, declare as follows:

       I was appointed to represent plaintiff in this action on September 3, 2003, by the

Honorable SANDRA M. SNYDER, United States District Magistrate Judge.  I believe that

the following course of action is reasonably necessary to the prosecution of this action:

       It will be necessary to take the deposition of DONALD W. DEERING, M.D.  Dr.

Deering originally examined Mr. Roundtree and prescribed soft shoes and orthotic

appliances for him in mid-1998.  When defendants failed and refused to provide them as

prescribed, Dr. Deering re-issued the chrono for shoes and appliances on April 29, 1999,

May 27, 1999, July 8, 1999 and November 19, 1999.  In addition, Dr. Deering was one of the

1

PDF created with pdfFactory trial version www.pdffactory.com

reviewers of plaintiff's grievance, and will be able to testify that plaintiff had been unable to appear at the orthotic clinic for lack of a custody escort.  Thus, Dr. Deering was a percipient witness on issues related to refusal of medical care.

Plaintiff has prepared a deposition notice and subpoena for Dr. Deering.  I therefore request that this court authorize expenditure in an amount not to exceed $100.00 for mandatory deposition fees for Dr. Deering pursuant to 28 U.S.C. § 1821.

To date, one payment for costs in the amount of $958.66 has been approved in this matter.  Costs have also been approved for the services of an expert, but no funds have yet been expended.

Plaintiff also respectfully applies for an order appointing the United States Marshal to effect service of process on DONALD W. DEERING, M.D. of a deposition subpoena.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration is executed this 2nd day of February 2007, in Fresno, California.

_/s/Patience Milrod_____
PATIENCE MILROD
Attorney for Plaintiff

## ORDER FOR AUTHORITY TO INCUR COSTS and SERVICE BY MARSHALS OFFICE

Having reviewed the plaintiff's application, and good cause appearing therefor, IT IS HEREBY ORDERED that the above expenditure is

___X___ Approved.

2

1    _____ Disapproved.

2  Or,

3  _____ Good cause appearing therefor, this matter is set for discovery conference,

4

5  pursuant to Rule___, on _____, at _____, ____.M. in Courtroom Number___.

6    Having reviewed the plaintiff's application, and good cause appearing therefor, IT

7  IS FURTHER ORDERED that the United States Marshal is appointed to effectuate service

8

9  of a deposition subpoena on DONALD W. DEERING, M.D.

10  Dated: 2/7/07

11                    /s/ Oliver W. Wanger
12                    OLIVER W. WANGER
                      United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3**

PDF created with pdfFactory trial version www.pdffactory.com