IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY ROUNDTREE, JR.<br><br>          Plaintiff,<br><br>    vs.<br><br>DERRAL ADAMS, Warden, et al.,<br><br>          Defendants.<br>                                    / | CASE NO. CV F 01-6502- LJO- SMS<br><br>**ORDER DENYING DEFENDANTS' MOTION**<br><br>**ORDER VACATING APRIL 27, 2007 HEARING** |

**I.**

Defendants[1] seek to dismiss certain named defendants from this prisoner civil rights action for failure to exhaust administrative remedies for claims arising out of two series of events not plead in the original complaint. Defendants "renew" their motion to dismiss, or in the alternative, seek a Motion for Reconsideration of this Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, claiming that new law from the United States Supreme Court and the Ninth Circuit Court of Appeals justifies reconsideration of this Court's prior decisions. Plaintiff claims the instant motion is untimely, the new cases do not control the issues presented in this action, and the Court's previous orders should be upheld. For the following reasons, Defendants' Motion is DENIED.

---

[1] Defendants Wadkins, Fouch, Young, Rodriguez, Westphal, and D. Shumacher seek to dismiss the claims related to retaliation. Defendants Hill and Friedman seek to dismiss the claims related to event which occurred after 2001

**II.**

The procedural history and facts of this case have been outlined in detail in this Court's previous orders: Memorandum Decision and Order Re Defendants' Motion to Dismiss, issued on June 23, 2005 (June 23 Order) (Doc. 102) and the Court's Order Granting, In Part, And Denying, In Part, Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6), issued on December 1, 2005 (Dec. 1 Order) (Doc. 117). The Court incorporates those statements of fact in this order. The salient facts and procedural history pertaining to the current motion will be described here.

**A. Facts**

Plaintiff Benny Roundtree, Jr. ("Roundtree") originally filed this action on November 19, 2001. On August 13, 2003, his current counsel accepted an appointment to represent him. Roundtree proceeds on his Third Amended Complaint ("TAC") in this action against several Defendants for events arising over several years and taking place at two correctional facilities in California. Defendants characterize the facts as three separate events, and seek to dismiss the causes of action relating to the latter two events. Plaintiffs argue (and this Court has previously ruled) that the events are a "series of related acts" and a "unified pattern of denials, delays, deferrals, refusals and failures." Order re: Motion to Dismiss, 11 (Dec. 1, 2005). For purposes of clarity, these events will be presented separately below.

**Medical Care at California Substance Abuse Treatment Facility (CSATF)**

Plaintiff, Benny Roundtree, Jr. is a state prisoner who was housed at CSATF from October 1998 to March 2001. He injured his ankle and was seen by a doctor in October 1998. The doctor ordered an orthotics consultation and a "chrono" for soft-soled shoes. Roundtree did not receive the medical attention requested and prescribed, so he filed a series of grievances to receive the special shoes and orthotic devices prescribed by the doctor.[2] On January 3, 2000, Roundtree's appeal was granted in full at the third level of review, where the Director found there had been delays and failures to ensure Roundtree was able to receive proper prescriptions and treatment.

**Confiscation of Shoes By CSATF Staff**

As of December 3, 2000, Roundtree received the prescribed braces for his feet, but not the

---

[2] Defendants do not argue that the administrative process was not properly exhausted for claims relating to these events.

special shoes. Sometime between December 3, 2000 and January 29, 2001, Roundtree was moved to a different unit at CSATF. While moving Roundtree, Defendants Wadkins, Fouch, Young, Rodriguez, and Westphal confiscated Roundtree's braces, even though he told them he was permitted to have them and needed them for his medical condition. Due to the confiscation of the braces, Roundtree could not be fitted for his special shoes.

On March 24, 2001, Roundtree filed a California Department of Corrections ("CDC") Form 1823, "Reasonable Modification or Accommodation Request," Log No. 01-00923, wherein he requested his devices because he had a deformity with his feet and was prescribed braces for his condition. He also asserted his shoes and braces were confiscated by the officers at SATF "as a method of retaliation" because of a lawsuit he had pending against the prison. On May 21, 2001, this request was partially granted. Roundtree received the ankle supports on May 24, 2001 and orthopedic shoes on June 28, 2001.

**Attempt to Receive Shoes and Braces at the California Training Facility ("CTF") after 2001**

Roundtree was moved to CTF on March 7, 2001. Neither the braces nor the shoes were sent to CTF, despite five requests made by medical staff at that facility. He received the ankle supports and shoes a few months later, in conjunction with the ruling on the CDC Form 1823 filed earlier. On August 13, 2002, Defendant Peterson conducted a search of Roundtree's cell and confiscated the prescribed appliances. Those appliances were never returned. Instead, Roundtree filed a CDC 602 Inmate Appeal Form, CDC Log # 03-00242, alleging the wrongful confiscation of his special shoes on August 14, 2002. On December 10, 2003, that grievance was granted at the informal level, because "due to staff error...the orthopedic boots were mistakenly confiscated." This determination was endorsed by Defendant Schwimmer on February 10, 2003.[3]

In the resolution of that administrative appeal, Defendant Hill was ordered to provide Roundtree with replacements no later than March 14, 2003. This order was re-sent to Defendants Hill, Friedman and Schwimmer on March 17 and 25, April 1, May 19, June 30, July 28, and September 26, 2003. Roundtree finally received the appropriate appliances on December 27, 2003.

///

---

[3] Defendants do not argue that the administrative process was not properly exhausted for claims relating to these events.

**B. Procedural History**

In the June 23 Order, the court granted Defendants' Motion to Dismiss in part, with leave to amend. *Id* at 27-28. Specifically, the Court addressed the following questions related to Defendants Young, Fouch, Wadkins, Adams, Rodriguez, Schumacher, Friedman, and Hill: (a) whether Roundtree sufficiently exhausted administrative remedies regarding the retaliation claims, (b) whether Roundtree sufficiently exhausted administrative remedies regarding the refusal to provide the shoes and braces during the period after 2001. The Court granted Defendants' Motion to Dismiss the retaliation claims, with leave to amend, because at that time, no evidence was cited to which indicated Roundtree had ever filed an appeal on that issue. On the issue of the denial of the implementations after 2002, the Court ruled that Roundtree had exhausted all administrative appeals, "despite that he did not go to the Director's Level," because "once an appeal is granted in full, the process ends." Id. at 23. In that order, the Court also granted Roundtree leave to amend the complaint to include the claims relating to the refusal to provide shoes and braces during the time period after 2001.

In the second Motion to Dismiss, Defendants again sought to dismiss the same named defendants on the basis that the statute of limitations had elapsed. In the December 1 Order, the Court denied that motion and held that rather than separate events, they were a series of related events. December 1 Order, 12:15-17.

### III.

**(A) Not a Motion to Dismiss**

Defendants "renew their motion to dismiss...on the grounds that Plaintiff failed to exhaust his administrative remedies.... In the alternative, Defendants ask the Court to reconsider its previous denial of Defendants' motion to dismiss based on recent decisions of the United States Supreme Court and the Ninth Circuit Court of Appeal." Def. Renewed Mot. Dismiss, 1:22-25. Defendants admit that this Court has already considered and ruled on several of the arguments and issues set forth now. Furthermore, Defendants assert new case law warrants a reversal of the Court's previous orders, which would be an appropriate argument under motion for reconsideration. See *infra.* Finally, a motion to dismiss must be made before the responsive pleading. Fed. R. Civ. P. 12(b); see also *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004). Defendants have answered the amended complaint. (Docs.

119, 132, 138). Therefore, the Court does not construe this pleading to be a motion to dismiss.

**(B) Motion for Reconsideration Improper**

  **1.  Standard of Review**

In their reply, Defendants claim that they "properly sought reconsideration of the court's prior orders based on an intervening change in controlling law." Def. Reply to Opp. Def. Mot. Dismiss, 2:18-19.[4] Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); see *Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n.6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129 (2000). Reconsideration should not be used to "argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990).

Under Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion and why the facts or circumstances were not shown at the time of the prior motion." Pursuant to that rule,

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, it shall be the duty of counsel to present to the Judge...a brief...including:
> (1) when and to what Judge or Magistrate Judge the prior motion was made,
> (2) what ruling, decision or order was made thereon,
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and
> (4) why the facts or circumstances were not shown at the time of the prior motion.

---

[4]Defendants' reliance on Fed. R. Civ. P. 54(b) is misguided in their argument that reconsideration is proper. Rule 54(b) allows parties to request the Court "direct entry of a final judgement as to one or more but fewer than all of the claims." This is not what Defendants seek here.

1    Defendants do not specifically mention when and to what the prior motion was made. Indeed,
2 some arguments were considered in the June 23 Order and December 1 Order, whereas other arguments
3 have never previously been made. Similarly, Defendants are not specific in either the Motion or the
4 Reply about what ruling, decision or order from which they seek relief. Defendants ignore the first two
5 requirements of the local rule, while focusing on the latter two requirements–grounds for reconsideration
6 because of change in controlling law and not asserting these arguments because the laws didn't exist.

**2.    New Law Inapplicable**

8    Defendants argue that this Court should consider the previous orders of this Court, because there
9 has been an intervening change in controlling law. Specifically, Defendants point to two cases for this
10 assertion. The Court agrees with Roundtree that the cases are inapplicable to the current case at bar.
11 Each case rules on an issue not currently presented.

a.    *Woodford v. Ngo*, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)

13    *Woodford* presented the question of whether a prisoner can satisfy the Prison Litigation Reform
14 Act's exhaustion requirement, 42 U.S.C. §1997e(a), by filing an untimely or otherwise procedurally
15 defective administrative grievance or appeal. The prison procedures required a grievance to be filed
16 within 15 working days of the action being challenged. *Woodford*, 126 S.Ct. 2378, 2383-84. The
17 prisoner did not file his grievance until six months after that event which gave rise to the grievance,
18 which was rejected as untimely. *Id*. at 2384. The Ninth Circuit ruled that the prisoner's administrative
19 remedies had been exhausted, because no remedies remained available to him. In deciding the issue,
20 the Court analyzed the term of art "exhaustion" under both administrative and habeas law to determine
21 what exhaustion means under the PLRA. The Supreme Court concluded that PLRA requires "proper
22 exhaustion," which is not satisfied when a prisoner missed deadlines set forth in by the grievance policy.
23 *Id* at 2382.

b..   *Vaden v. Summerhill*, 449 F.3d 1047 (9th Cir. 2006)

25    In *Vaden*, the Ninth Circuit Court of Appeals analyzed the meaning of the word "brought" within
26 the PLRA. The Ninth Circuit held that the prisoner's civil rights action was "brought" when he tendered
27 his complaint to the district court clerk, and not when it was subsequently filed (after a grant of an
28 informa pauperis order). *Id.* at 1050. Because the prisoner had not exhausted his administrative

remedies prior to "bringing" the action, the action was dismissed. *Id* at. 1050-51.

**(C)    Motion on the Pleadings**

Having failed to properly bring a Fed. R. Civ. P. 12(b) motion, or a motion for reconsideration, the Court could construe the present motion as one for judgment on the pleadings. A Fed. R. Civ. P. 12(b) (6) motion "must be made before the responsive pleading. Here, the Defendants filed their motion to dismiss [or motion for reconsideration] after filing their answer. Thus, the motion should be treated as a Motion for judgment on the pleadings, pursuant to Rule 12 (c) or 12(h)(2)." *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) (citations omitted); *Schy v. Susquehanna Corp.*, 419 F.2d 1112, *cert. denied*, 400 U.S. 826, 91 S.Ct. 51 (1970). A motion for judgment on the pleadings admits all facts well pleaded, but does not admit conclusions of law. *Cohen v. U.S.*, 129 F.2d 733 (8th Cir. 1942); *Rosenhan v. United States*, 131 F.2d 932 (10th Cir. 1942), cert. denied, 318 U.S. 790 (1943). Fed. R. Civ. P. 12(b)(6) standards also apply to motions under Fed. R. Civ. P. 12(c), and a court should accept all allegations contained in complaint as true and draw all reasonable inferences in favor of non-moving party. *Ziemba v. Wezner*, 366 F.3d 161 (2d Cir. 2004); see also, *Marrero v. Modern Maint. Bldg. Servs.*, 318 F. Supp. 2d. 721 (E.D. Wis 2004). Rule 12 (c) motion for judgment on pleadings may be brought after dispositive motions deadline if moving party complies with requirements of Rule 16(b) and if it will not delay trial. *Riggins v. Walter*, 279 F.3d 422 (7th Cir. 1995); *Williams v. Walnut Park Plaza, Inc.*, 68 F. Supp. 957 (D.C. Penn. 1946).[5] In ruling on defendants' Rule 12 (c) motion for judgment on the pleadings, appropriate standard is that applicable to summary judgment, except that court may consider only the contents of the pleadings, and the motion may be granted only where there are no genuine issues of material fact to be resolved and where defendant is entitled to judgment as a matter of law. *Alexander v. City of Chicago*, 994 F.2d 333 (7th Cir. 1993).

**(D)    PLRA Exhaustion Requirement**

    **1. Generally**

---

[5] The Court notes the significant delay in bringing the instant motion. The orders upon which relief is sought were decided on April 23, 2005 and December 1, 2005. The new cases Defendants rely on were decided on March 17, 2006 (*Vaden v. Summermill*) and March 22, 2006 (*Woodford v. Ngo*). Having answered the complaint in various documents throughout the year of 2006, Defendants now bring this Motion almost two years after the first order and almost a full year after the "new" law was decided. See Def. Renewed Mot. Dismiss (March 12, 2006). Any further delay by Defendants on these issues would be an unreasonable delay of trial.

7

1  *Jones v. Bock*, 127 S.Ct. 910 (2007), is the latest and most helpful case to this Court with the issues presented by the case at bar. "Congress addressed [the challenge of ensuring that the flood of nonmeritorious prisoner claims does not submerge and effectively preclude consideration of the allegations with merit] in the PLRA. What this country needs, Congress decided, is few and better prisoner suits." *Jones v. Bock*, 127 S.Ct. 910, 914 (2007), citing *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983 (2002). The exhaustion provision of the PLRA states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).

"Requiring exhaustion...has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a usual administrative record." *Jones*, 127 S.Ct. 910, 914, citing *Woodford v. Ngo*, 126 S. Ct. 2378. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. 910, 919-20, citing *Porter*, 534 U.S. at 524, 122 S.Ct. 983.

**2. Exhaustion of Administrative Remedies an Affirmative Defense**

The Supreme Court ruled that "the PLRA's screening requirement does not–explicitly or implicitly–justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself." *Jones*, 127 S.Ct. at 920. The Court found that Federal Rule of Civil Procedure 8(a) requires simply a "short and plain statement" of the claim in the complaint. *Id.* Furthermore, the "PLRA itself is not a source of a prisoner's claim; claims covered by the PLRA are typically brought under 42 U.S.C. §1983, which does not require exhaustion at all." *Id*, citing *Patsy v. Board of Regents of Fla.*, 457 U.S. 496, 516 (1982). Therefore, "failure to exhaust is an affirmative defense under the PLRA, and...inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 921. Instead, the burden is on the Defendants' to prove the alleged failure to exhaust. See *Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999) ("A defendant in a prisoner 1983 suit may also assert as an affirmative defense the plaintiff's failure to comply with the PLRA's requirements."

**3. Failure to Exhaust Administrative Remedies under PLRA**

Defendants argue that the issues related to both the retaliation claim and the events which took

1  place after 2001 should be dismissed on grounds that Roundtree failed to exhaust administrative
2  remedies. Defendants claim that Roundtree did not properly exhaust his administrative remedies with
3  regard to his claims against Defendants Wadkins, Fouch, Young, Rodriguez, Westphal, and D.
4  Shumacher, because he did not pursue his claim beyond the first level of review and because the CDC
5  Form 1824 he used to file his claim is not an acceptable mean of initiating an administrative remedial
6  process required by the Prison Litigation Reform Act ("PLRA"). Therefore, Roundtree can not claim
7  he followed the administrative process by using this form. Defendants further argue that Roundtree
8  failed to exhaust his claims against Defendants Hill and Friedman prior to bringing suit and therefore,
9  these claims must be dismissed.

10  Roundtree argues that he did properly exhaust his administrative remedies with regard to his
11 claims against Defendants Wadkins, Fouch, Young, Rodriguez, Westphal, and D. Shumacher, because
12 administrative remedies are exhausted for purposes of PLRA when an inmates's administrative appeal
13 is granted before the Director's Level appeal. *Clement v. California Dept. of Corrections*, 220 F. Supp.
14 2d 1098, 1106 (N.D.Cal. 2002). Roundtree's appeal was partially granted at the first level on April 27,
15 2001. Further, Roundtree argues that use of CDC Form 1824 meets PRLA exhaustion requirements as
16 an administrative process. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005). Thus, Roundtree
17 properly initiated and exhausted his administrative remedies.

18  Roundtree wishes the Court's previous rulings remain intact because Defendants' request to
19 separate out the two claims and require a separate action defeats the purpose of requiring exhaustion of
20 remedies, which is to address complaints about the program, reduce litigation to the extent complaints
21 are satisfactorily resolved and improve litigation that does occur by permitting the preparation of a useful
22 record. *Woodford v. Ngo*, 548 U.S. –, 126 S.Ct. 2378, 2385. A ruling artificially segregating out and
23 requiring exhaustion as to discrete acts in an unlawful course of conduct protects none of those interests.
24 Finally, Roundtree argues that the Court already considered and ruled on the argument regarding
25 Defendants Friedman and Hill. In that decision, the court decided, "Plaintiff points out that filing a new
26 case regarding the second alleged set of violations would be a waste of judicial resources and would not
27 further the goals of judicial economy. Plaintiff is granted leave to amend to add allegations arising out
28 of the alleged set of violations." Order re: Motion to Dismiss (June 23, 2005), p. 23, n.9.

**(E)    Retaliation Claim**

Defendants argue that the retaliation claims against the officers should be dismissed on grounds that administrative remedies were not exhausted because: (1) Roundtree did not pursue them beyond the first level of review;[6] and (2) Roundtree did not use the proper form. Further, Defendants cite *Woodford* for the proposition that Roundtree should have grieved anew defendants' wrongful refusal to comply with relief granted in the administrative process. (Def. 3rd Mot. Dismiss, 8-9).

In the June 23 Order, this Court granted Defendants' motion to dismiss the retaliation claim, with leave to amend, noting, "Plaintiff provides no citation to a claim of retaliation in his grievance or appeals forms. Administrative exhaustion in a jurisdictional prerequisite for bringing suit." June 23 Order, 19:22-24. Roundtree filed a second amended complaint pursuant to the June 23 Order on July 18, 2005. In that amended complaint, Roundtree provided evidence that he had filed a grievance on the issue of retaliation. Specifically, Roundtree notes that he experienced the retaliation by the Defendants at some point between December 3, 2000 and January 29, 2001 and that he submitted a CDC 1824 Reasonable Modification or Accommodation Request, CDC log # 01-00923, in which he explained that the officers took his shoes and braces "as a method of retaliation." Corrected Second Amended Complaint, ¶¶ 18, 19, 24. (Doc. 103, July 18, 2005). In the CDC 1824 Form, Roundtree explained that "a decision of the third level of appeals in Sacramento was granted in full" and concludes: "I would like my braces and my shoes or something to help or assist me walking." *Id.* at ¶23. Roundtree also asserted in the Corrected Second Amended Complaint that his request was partially granted on May 24, 2001 and his appliances would be provided "when ready."[7]

Neither *Woodford* nor *Jones* addresses whether the "Reasonable Modification or Accommodation Request" properly filed by Roundtree achieves the exhaustion requirement for purposes of PLRA. "*Woodford* held that "proper exhaustion" was required under the PLRA, and that this

---

[6] This Court has previously addressed the issue of whether the claim has been properly exhausted based on whether Roundtree went beyond a first level of review. See June 23 Order: 22:24-28, 23:2-4; December 1 Order.

[7] After the Corrected Second Amended Complaint was filed, Defendants filed a motion to dismiss on September 09, 2005. In that motion, Defendants sought to dismiss the claims against Wadkins, Fouch, Young, Rodriguez and Does on a theory that the claims were time-barred by the applicable statute of limitations. Notably, Defendants did not file a Motion for Reconsideration of the June 23 Order, nor did they assert the argument about retaliation claims based on the failure to exhaust administrative remedies.

1 requirement was not satisfied when grievances were dismissed because prisoners had missed deadlines set by the grievance policy." *Jones*, 127 S.Ct. 910, 922 (citations omitted). On that issue, the Court looks to a precedent set in this Court's jurisdiction.

The Ninth Circuit previously ruled that a prisoner who completed a "Reasonable Modification or Accommodation Request" form is in compliance with the PLRA for purposes of the PLRA's exhaustion requirement. *Butler v. Adams*, 397 F.3d 1181 (9th Cir. 2005). In *Butler*, the prisoner used the form and "achieved the purposes of the PLRA's exhaustion requirement as authoritatively set out in *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002)." *Id* at 1183. Following the ruling of *Butler*, this Court finds that Roundtree properly exhausted his administrative remedies by filing the "Reasonable Modification or Accommodation Request" form.

**(F)  Events after 2001**

Defendants argue that the claims against Defendants Hill and Friedman should be dismissed because Roundtree did not properly exhaust all remedies for two reasons: (1) Roundtree did not take his appeal to the Director's level and (2) the events occurred after Roundtree initially filed the lawsuit, therefore making administrative exhaustion of remedies impossible. This Court has twice considered and denied motions to dismiss Defendants Hill and Friedman because of events which took place after the filing of the initial lawsuit in 2001. See June 23 Order and December 1 Order.

"[C]ourts should generally not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns." *Jones*, 127 S.Ct., 910, 919. In *Jones*, the Supreme Court relied upon Fed. R. Civ. P. 8(a) in their determination that failure to exhaust is an affirmative defense rather than a pleading requirement. *Id.* Other courts have held that the PLRA does not alter class certification analysis under Fed. R. Civ. P. 23. See, e.g. *Shook v. El Paso County*, 386 F.3d 963 (10th Cir. 2004), *cert. denied*, 125 S.Ct. 1869 (2005).

In the June 23 Order, this Court considered the arguments Defendants now present in this motion. In footnote 9 of the June 23 Order, this Court noted,

> Defendants' argument that the events giving rise to the second alleged set of violations occurred after the original complaint was filed does not require dismissal of these allegations...Plaintiff points out that filing a new case regarding the second alleged set of violations would be a waste of judicial resources and would not further the goals of judicial economy. Plaintiff is granted LEAVE TO AMEND to add allegations arising

11

out of the alleged set of violations.

With this ruling, the Court allowed Roundtree to file a supplemental pleading pursuant to Fed. R. Civ. P. 15(d), which included the events after 2001. June 23 Order, 23:15-28. Fed. R. Civ. P. 15(d) permits a party to submit pleadings for "transactions or occurrences or events which have happened since the date of the pleadings sought to be supplemented."

Allowing a supplemental pleading under the federal rules is consistent with the case law as well as the policy of the PLRA. In striking down a "total exhaustion rule," which would require a district court to dismiss an entire complaint if some but not all claims were exhausted, the Supreme Court ruled,

> the total effect of a total exhaustion rule could be that inmates will file various claims in separate suits, to avoid the possibility of an unexhausted claim tainting the others. That would certainly not comport with the purpose of the PLRA to reduce the quantity of inmate suits. *Jones*, at 925.

Likewise, dismissing this claim without prejudice, as the Defendants seek, would have result of requiring Roundtree file anew his claim which is properly exhausted.[8] To make such a ruling would go against policy of the PLRA, as propounded by the Supreme Court on numerous occasions. See id.; *Woodford v. Ngo*, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983 (2002).

Such a ruling is also consistent with *Vaden*. In that case, the Ninth Circuit ruled that all administrative remedies must be exhausted when the prisoner "brought," rather than "filed," the lawsuit. The Court finds that Roundtree first "brought" the claims arising out of the events after 2001 at the time of the supplemental pleading. At the time of the supplemental pleading, all administrative remedies had been properly exhausted. Because Roundtree's claims relating to the events after 2001 have been properly exhausted, the Federal Rules allow for supplemental pleadings, nothing in the PLRA prohibits supplemental pleadings, and Courts should not depart from the usual practice of the federal rules for perceived policy concerns, Defendants' motion is DENIED.

---

[8]Having fully considered the now presented arguments, this Court previously ruled: "Plaintiff exhausted all available remedies despite that he did not take his appeal to the Director's Level. Exhaustion of administrative remedies occurs when a prison offers all the relief of which it is capable....Once an appeal is granted in full, the process ends." June 23 Order: 22:24-28, 23:2-4.

**IV.**

For the foregoing reasons, Defendants' motion, which is construed as a motion on judgment on the pleadings, should be DENIED in full. Accordingly, the hearing currently set for April 27, 2007 is VACATED.

**IT IS SO ORDERED.**

**Dated:** **April 24, 2007**         /s/ Lawrence J. O'Neill
                                **UNITED STATES DISTRICT JUDGE**