1  Patience Milrod # 77466
   844 North Van Ness Avenue
2  Fresno, California 93728
   559/442-3111
3  Fax: 559/442-3164

4

5

6

7        IN THE UNITED STATES DISTRICT COURT
      IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA
8                    FRESNO DIVISION

9                                      )   CASE No. CV-F-01-6502-LJO-SMS
   BENNY ROUNDTREE, JR.,                )
                                        )   STIPULATION TO SET STATUS
10          Plaintiff,                  )       CONFERENCE;
                                        )   DECLARATION OF PATIENCE
11        vs.                           )        MILROD;
                                        )        and
12                                      )       ORDER
   WARDEN DERRAL ADAMS; EDGAR           )
13 CASTILLO, M.D.; MTA F.C.             )
   SCHUMACHER; CHIEF DEPUTY             )
14 WARDEN T. VAUGHN; C/O                )
   WADKINS; SGT. FOUCH; SGT YOUNG;)
15 C/O RODRIGUEZ III; LT. WESTPHAL; )
   MTA RAMIREZ; MTA BUNKER; MTA  )
16 HEGGE; C/O A. PETERSEN; DR. M.      )
   FRIEDMAN; ASSOCIATE WARDEN         )
17 HILL; LT. SCHUMACHER, L.G.         )
   SCHWIMMER; DOES 1-20;              )
                                       )
18         Defendants.                 )
                                       )
19 ─────────────────────────────────

20      Come now the parties, plaintiff Benny Roundtree, Jr., by counsel Patience Milrod;

21 defendants Adams, Castillo, F.C. Schumacher, Wadkins, Fouch, Young, Rodriguez,

22 Ramirez, Hegge, Friedman and Hill, by counsel Kelli Hammond; and defendant Jason

23

                                        1

1  Bunker, by counsel Shanan Hewitt; and agree and stipulate as follows:

2      1) According to this Court's Scheduling Order of November 4, 2007, and the
3          February 28, 2008 Amendment thereto, non-expert discovery is to close by
4          August 29, 2008.

5      2) The Deputy Attorney General and plaintiff's counsel have arrived at a
6          conceptual framework for a settlement of the case, and have been working
7          since February to find a way to effectuate it.  The Federal Receiver would have
8          to approve any settlement and then actually implement it, but cannot be
9          brought into the case because he is absolutely immune according to the terms
10         of the Order Appointing Receiver.[*]

11     3) Both the Deputy Attorney General and plaintiff's counsel have attempted to
12         discuss with Receiver's Counsel an approach to settlement discussions.  The
13         declaration of plaintiff's counsel, filed herewith, illustrates the problems we
14         have encountered in bringing the Receiver into the conversation.

15     4) If the case cannot settle, plaintiff will take at least 17 depositions of percipient
16         California Department of Corrections employees.  The parties agree that such
17         depositions will be extremely expensive for the institutions and the
18         Department, as well as the Court (which will bear the expense of court reporter
19         fees and other costs).

20     5) If the case does not settle, defendant Jason Bunker has advised that he intends

---

[*] ***Plata v. Schwarzenegger***, N.D. Cal., Case # 3:01-cv-01351-THE, document 473, dated 02/14/2006, p. 6, lines 1-2.

2

PDF created with pdfFactory trial version www.pdffactory.com

to file a summary judgment motion, which will require significant expenditure of time, money and judicial resources.

The parties therefore request that the Court set a status conference in this matter for Tuesday, August 12, 2008 at 8 a.m., to assist the parties in structuring an approach to settlement.  The parties are not requesting the Court to broker a settlement agreement, but to help the parties bring the Receiver into the discussion so that fruitful settlement negotiations can take place either among counsel, or with the help of a magistrate judge.

IT IS SO STIPULATED.

DATED:  August 6, 2008

/s/ Patience Milrod
PATIENCE MILROD
Attorney for Plaintiff

DATED: August 6, 2008                    ATTORNEY GENERAL OF THE STATE OF CALIFORNIA

/s/ Kelli Hammond
by KELLI HAMMOND
Deputy Attorney General
Attorney for Defendants Adams, Castillo, F.C. Schumacher, Wadkins, Fouch, Young, Rodriguez, Ramirez, Hegge, Friedman and Hill

DATED:  August 6, 2008                    MORENO & RIVERA, LLP
Attorneys for defendant Jason Bunker

/s/ Shanan Hewitt
by SHANAN HEWITT

## DECLARATION OF PATIENCE MILROD

I, Patience Milrod, declare:

3

PDF created with pdfFactory trial version www.pdffactory.com

1   I am attorney of record for plaintiff, Benny Roundtree.

2   In discussions with Ms. Hammond, on or about February 20, 2008, I made a
3   tentative suggestion for settling this case.  I made clear that I do not at this point have
4   authorization from my client to make a firm proposal, but need to know if we could
5   begin discussing an approach to a resolution.  Ms. Hammond agreed to take the matter
6   forward and to discuss it with her clients, which I am informed and believe and on that
7   basis assert she did that same day.  Later that day, Ms. Hammond advised that the
8   Federal Receiver would have to sign off on any settlement along the lines I had proposed.

9   Over the next several months, Ms. Hammond made repeated efforts to get a
10  response to this settlement idea, and had communications with the Receiver's outside
11  counsel, as well as individuals in the Receiver's office, who eventually forwarded it for
12  physician review.  On May 1, Ms. Hammond received a telephone call from the
13  Department of Health, telling her they were "working on it" and would get back to her
14  "soon."  Then the physician tasked with responding apparently lost Ms. Hammond's
15  email communication, which was discovered in June.

16  On June 16, Ms. Hammond forwarded to me a response from the physician which
17  appeared to torpedo the idea.  Naturally, I had additional questions about alternative
18  solutions, which Ms. Hammond tried to relay back to the Receiver.  In early July, I
19  suggested we try to refer this case to mediation, as I understand has been done with a
20  number of prisoner cases in the Northern District.  In mid-July, Ms. Hammond emailed
21  me that apparently that program is not in place in the Eastern District, and the Receiver
22  would still have to approve any settlement.

23

4

PDF created with pdfFactory trial version www.pdffactory.com

On July 24, I began to attempt to find a way to bring the Receiver into the case. I learned that the Receiver has absolute immunity and thus cannot be made a party. I telephoned the Receiver's outside counsel, who was out of the office for two weeks. On August 4 at 3:58 p.m., I spoke with Kristina M. Hector, a staff attorney for the California Prison Health Care Receivership. Ms. Hector repeatedly told me that it was the Attorney General's office who should be contacting her. I explained that Ms. Hammond had already made several attempts to get the attention of house counsel for the Receiver, without success. I told Ms. Hector we are at the point in this case where we need to think together about how to settle it. I proposed we devise a way for the Receiver actively to participate in settlement discussions, since the Receiver would have to approve and implement any agreement. Ms. Hector advised that she would talk to people in her office and call me back.

The following morning, August 5, at 9:19 a.m., I received a return call from Ms. Hector. During this conversation, Ms. Hector again insisted that we would have to "go through the AG" with any settlement proposals. When I explained the need for a back-and-forth conversation to arrive jointly at a feasible solution to this dispute, she merely reiterated that we would have to send proposals to her office through the Attorney General and receive responses through that same channel. I then told her I wanted to be able to quote her accurately, and asked "Is it true then that the Receiver is refusing to meet with the parties?" She refused to endorse that characterization of her position, abruptly told me she would have someone call me back, and hung up.

Deputy Attorney General Hammond telephoned me about 1 p.m. on August 5 to
5
PDF created with pdfFactory trial version www.pdffactory.com

advise me that the Receiver's legal staff was not going to call me back, and had requested that DAG Hammond do so. The Receiver apparently is under the impression that the Attorney General represents their office (although the Receiver's Office has both an in-house legal staff and outside counsel). The Receiver's message back to plaintiff through Ms. Hammond remained, effectively, that the Receiver was refusing to meet with the parties to talk about how to settle the case.

The problem of course is that CDCR cannot sign off on a settlement agreement without the Receiver's independent approval. In our conversation yesterday afternoon, Ms. Hammond and I therefore agreed we would consult with this Court in order to determine appropriate next steps, especially in light of the approaching discovery cutoff date and the extraordinary expense of depositions in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on August 6, 2008 at Fresno, California.

/s/Patience Milrod  
**Patience Milrod**  
**Declarant**

**ORDER ON STIPULATION**

Having reviewed the stipulation of the parties and the declaration of plaintiff's counsel, and good cause appearing therefor, IT IS HEREBY ORDERED:

The parties will appear for a Telephonic status conference in this matter on Tuesday, August 12, 2008 at 9:00 a.m. (not 8am) before Judge Snyder Ms. Hammond and Ms. Hewitt may appear telephonically.

**6**

PDF created with pdfFactory trial version www.pdffactory.com

1
2    **P**laintiff's counsel shall make arrangements for a conference
3    call with the AT&T operator (if counsel does not have conference
     call capabilities on their telephone systems), and shall initiate
4    the call at the above-designated time.  *After all parties are on*
5    *the line, the call should then be placed to Judge Snyder's*
     *chambers at (559)499-5690*.
6
7
       **IT IS SO ORDERED.**
8
     **DATED:  8/7/2008**                       /s/ Sandra M. Snyder
9                                            **HON. SANDRA M. SNYDER**
                                             **Magistrate Judge of the Eastern District**
10
11
12
13
14
15
16
17
18
19
20
21
22
23

PDF created with pdfFactory trial version www.pdffactory.com