IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY ROUNDTREE, JR. | CASE NO. CV F 01-6502- LJO- SMS |
| Plaintiff, | |
| vs. | **ORDER ON MOTION TO AMEND SCHEDULING ORDER** (Doc. 197) |
| DERRAL ADAMS, Warden, et al., | |
| Defendants. | |
| _____ / | |

On March 9, 2009, Plaintiff Benny Roundtree, Jr. ("Mr. Roundtree") moved to continue the trial date and to amend the scheduling order, pursuant to Fed. R. Civ. P. 16(b)(4). (Doc. 197). This Court granted the parties' request to shorten time for hearing on this motion, as a jury trial is scheduled to begin in this eight-year-old action on April 20, 2009. This matter was heard on March 23, 2009 in Courtroom 4 (LJO). Patience Milrod appeared on behalf of Mr. Roundtree. Deputy Attorney General Kelli M. Hammond appeared on behalf of defendants Derral G. Adams, Edgar Castillo, T Vaughn, F C Shumachur, M. Friedman, Warden Daniel Hill, A Petersen, L.G. Schwimmer, Schumacher, Westphal, Hegge, Ramirez, Rodriguez, III, Young, Fouch, Watkins. Shannon Hewitt appeared on behalf of defendant Bunker. For the reasons stated on the record, incorporated herein, this Court GRANTS Mr. Roundtree's motion to vacate the April 20, 2009 jury trial and ORDERS a second settlement conference to take place with United States Magistrate Judge Nandor J. Vadas.

1

# BACKGROUND

Mr. Roundtree, a prisoner, commenced this action on November 19, 2001 against defendants, correctional officers, the warden, and the California Department of Corrections and Rehabilitation. On August 13, 2003, his current counsel accepted an appointment to represent him. Mr. Roundtree proceeds on his Third Amended Complaint ("TAC") against defendants for events arising over several years and taking place at two correctional facilities in California. Mr Roundtree alleges, *inter alia*, that despite a prescription for orthopedic shoes and braces, defendants refused to allow plaintiff to be fitted for the shoes, confiscated the shoes and braces, and failed to returned the shoes and braces.

Between 2004 and 2007, defendants moved to dismiss Mr. Roundtree's complaint three times. This Court denied defendants' renewed motion to dismiss Mr. Roundtree's TAC on April 25, 2007. The parties have submitted multiple stipulations to amend the scheduling orders and to continue the trial date. This Court signed the latest stipulation to amend the scheduling order on February 28, 2008 and set a jury trial to begin on April 20, 2009.

On August 12, 2009, United States Magistrate Judge Sandra M. Snyder held a telephonic status conference regarding settlement negotiations with the parties. The parties sought input from the Court to explore being the California Prison Health Care Receiver into the settlement negotiations. Judge Snyder stayed all deadline dates until further order of the court. Judge Snyder referred the settlement conference to United States Magistrate Judge Nandor J. Vadas of the Northern District of California.

On February 18, 2009, Judge Vadas filed an order to report that this action settled. This Court filed an Order After Settlement to require the parties to file dispositive papers in this matter no later than March 18, 2009 and indicated that unless the parties jointly filed a statement with the Court that the parties entered into an enforceable settlement agreement, the April 20, 2009 trial date would be confirmed. On March 23, 2009, this Court denied defendants' motion to enforce the oral settlement agreement.

# DISCUSSION

Fed. R. Civ. P. 16(b)(4) provides that a court's scheduling order "may be modified only for good cause and with the judge's consent." This Court has "broad discretion" to supervise the pretrial phase of litigation and "its decisions regarding the preclusive effect of a pretrial order...will not be disturbed

unless" there is evidence of "a clear abuse of discretion." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). This Court may consent to modify a scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Id*. (internal citations and quotations omitted). "Although the existence or degree to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving's party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

To demonstrate good cause to amend the scheduling order and to continue the trial date, Mr. Roundtree relies on three main points. First, Mr. Roundtree points out that the parties relied on Judge Snyder's minute orders of August 12, 2008, August 27, 2008, and September 18, 2008, in which Judge Snyder unequivocally ordered that all deadlines be stayed in this action while the parties pursued settlement discussions. Judge Snyder's orders to stay all deadlines until further court order referenced the operative scheduling order that set the April 20, 2009 trial date. Judge Snyder has not lifted the stay of discovery deadlines. Mr. Roundtree argues that because the deadlines have been stayed since August 2008, the parties have not completed discovery and have not filed pretrial conference statements. Mr. Roundtree asserts that until discovery is completed, he cannot be prepared to go to trial. Second, Mr. Roundtree contends that the parties have worked diligently and in good faith towards a settlement in this matter since August 6, 2008. The docket reflects consistent effort by the parties from August 2008 through February 2009 to negotiate a settlement agreement. Third, Mr. Roundtree asserts that the parties deferred the 17 depositions he plans to take to avoid the expense to the Mr. Roundtree, his counsel, the institutions, and defendants, in the event the case settled and in reliance of the orders to stay the discovery deadlines. Defendants do not oppose amending the scheduling order to allow defendants to file dispositive motions.

Mr. Roundtree rejected the terms of the settlement negotiated at the settlement conference with Judge Vadas. Both Mr. Roundtree and defendants agreed to a second settlement conference with Judge Vadas in an attempt to resolve this action without a trial. This action has been cross-designated to Judge Vadas for settlement purposes only. Accordingly, this Court shall order the parties to participate in a

second settlement conference with Judge Vadas. In the event the parties fail to reach an agreement, the parties shall file their respective positions regarding discovery and pretrial deadlines in a future status conference.

**CONCLUSION and ORDER**

For the foregoing reasons, this Court:

1. VACATES the April 20, 2009 jury trial date;
2. SETS a settlement conference, to be conducted on **June 23, 2009 at 11:00 a.m.** before Judge Vadas at the Federal Courthouse in San Francisco, California, located at 450 Golden Gate Street, San Francisco, CA in Courtroom A on the 15th Floor;[1]
3. ORDERS the parties, **no later than June 9, 2009**, to submit confidential settlement conference statements by mail to:

    United States Magistrate Judge Nandor J. Vadas

    P.O. Box 1306

    Eureka, CA 95501-1038;
4. REQUESTS Judge Vadas, no later than July 14, 2009, to file a report indicating the outcome of the settlement proceedings; and
5. ORDERS the parties, **no later than July 14, 2009**, to file a joint status report with this Court indicating the outcome of the settlement proceedings. In the event this action has not amicably settled, the parties shall raise the appropriate motion, if necessary, state their respective positions regarding further discovery and pretrial dates and deadlines and jointly propose a trial date. The Court will immediately thereafter set the matter for a scheduling conference.

IT IS SO ORDERED.

Dated:   March 26, 2009                    /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE

---

[1] By separate order, this Court will arrange the transportation of Mr. Roundtree to the settlement conference.